## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA

v.

ANTONIO MACLI, *et al.*,

   Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

   It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

   You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

   Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

   You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.   The law presumes every Defendant is innocent.   The Defendant does not have to prove his innocence or produce any evidence at all.   A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.   The Government must prove guilt beyond a reasonable doubt.   If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.   If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case.   Evidence includes the testimony of witnesses and the exhibits admitted.   But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

## CONSIDERATION OF THE EVIDENCE AND WITNESSES' TESTIMONY

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.   You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.   There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.   The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since Defendant Rafael Alalu did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with certain Codefendants in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

## CHARGES IN THE INDICTMENT

The indictment charges a number of separate crimes, called "counts." Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations. You also will be given a verdict form for each Defendant that further identifies the specific offenses charged against each particular Defendant.

In summary:

- Count 1 charges the offense of conspiracy to commit health care fraud.

- Counts 2 through 8 and Counts 11 and 12 charge the offense of health care fraud.

- Count 15 charges the offense of conspiracy to receive and pay health care kickbacks.

- Counts 16-26 charge the offense of payment of health care kickbacks.

- Counts 28-29 charge the offense of receipt of health care kickbacks.

- Count 30 charges the offense of conspiracy to commit money laundering.

- Counts 31-37 charge the offense under the money laundering laws that prohibits engaging in monetary transactions in excess of $10,000 with the proceeds of health care fraud.

## COUNTS 2-8 AND COUNTS 11 AND 12

I am going to take the counts slightly out of numerical order. I am going to start with the law governing Counts 2 through 8 and Counts 11 and 12. Once I complete the instructions for Counts 2 through 8 and Counts 11 and 12, I then will return to the law governing Count 1.

Counts 2 through 8 and Counts 11 and 12 charge certain defendants with violating Title 18, United States Code, Section 1347, which makes it a Federal crime for anyone to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1)        the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises;

(2)        the false or fraudulent pretenses, representations, or promises related to a material fact;

(3)        the Defendant acted willfully and intended to defraud; and

(4)        the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.  The parties have stipulated that Medicare is a "health-care benefit program."

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using  false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence

a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

## COUNT 1

I am now going to return to Count 1. Count 1 charges certain defendants with violating Title 18, United States Code, Section 1349, which makes it a Federal crime for anyone to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of defrauding a health care benefit program.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1)        two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud, as charged in the indictment; and

(2)        the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Good faith is a complete defense to the charges set forth in Counts 1 through 8 and Counts 11 and 12 of the indictment since good faith on the part of the Defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything.. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent to defraud as charged in the indictment.

One who expresses an honestly held opinion, or an honestly held belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the Defendant that a particular business venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as that term is used in these instructions if, in carrying out that venture, the Defendant knowingly made false or fraudulent representations to others with the specific intent to deceive them.

You heard testimony regarding Medicare's civil regulations for the partial hospitalization program. You also have in evidence the Local Coverage Determination, or "LCD" for Partial Hospitalization Programs.

I caution you that a violation of these civil statutes, rules, and regulations is not a crime. This is not a civil case. The defendants are not on trial for civil violations, or even, medical malpractice. Even if you find the claims to Medicare were not allowable under the LCD's, a defendant cannot be convicted of a crime merely for breaching civil statutes or regulations applicable to his conduct.

However, Medicare's rules and regulations may be relevant in determining whether the defendants acted with criminal intent, that is knowingly, willfully, and with the intent to defraud Medicare. That is how you may consider this evidence.

Ladies and Gentlemen of the jury, it is not a violation of any criminal law, code or statute for someone to cut and paste a progress note, group therapy note or any other document as long as the information is personally observed and accurate. And the defense theory is that the information was personally observed and accurate.

However, if you find that the information contained in a document was not personally observed and accurate, but was rather simply cut and pasted from another document, such may be considered as probative of Defendants' criminal intent.

## COUNTS 16-26

At this point, I am going to skip over Count 15 and move forward and instruct you on the law governing Counts 16 through 26 and then on the law governing Counts 28 and 29. Once I complete the instructions for those counts, I then will return to the law governing Count 15.

Counts 16 through 26 charge defendants Antonio Macli and Jorge Macli with violating a provision of Title 42, United States Code, Section 1320a-7b, that makes it a Federal crime for anyone to offer or pay anything of value – including a kickback or bribe – in return for referring an individual for the furnishing and/or arranging for the furnishing of any item or services that would be paid for, in whole or in part, by a Federal health care program.

The Defendant can be found guilty of that offense only if all of the following facts were proved beyond a reasonable doubt:

(1)     that the Defendant knowingly and willfully offered or paid remuneration, including a kickback, directly or indirectly, overtly or covertly, in cash or in kind; and

(2)     the payment was offered or paid to another person; and

(3)     that the Defendant offered or paid the remuneration or kickback in order to induce the other person to refer an individual to a person or entity for the furnishing of any service for which payment may be made in whole or in part under a Federal health care program.

The term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government. The parties have stipulated that Medicare is a "federal health care program."

To satisfy the second element of this offense, the government does not have to prove that the Defendant's sole purpose in offering or paying the remuneration or kickback was to induce the

referral of an individual for the furnishing of any service for which payment may be made in whole or in part under a Federal health care program.  Rather, the government may satisfy the second element by proving that inducing the referral was one of the Defendant's purposes in offering or paying the remuneration or kickback.

Remuneration does not include payments made by a principal to an agent as compensation for the services of the agent as long as all of the following seven standards are met –

(1) the agency agreement is set out in writing and signed by the parties;

(2) the agency agreement covers all of the services the agent provides to the principal for the term of the agreement and specifies the services to be provided by the agent;

(3) if the agency agreement is intended to provide for the services of the agent on a periodic, sporadic or part-time basis, rather than on a full time basis for the term of the agreement, the agreement specifies exactly the schedule of such intervals, their precise length and the exact charge for such intervals;

(4) the term of the agreement is for not less than one year;

(5) the aggregate compensation paid to the agent over the term of the agreement is set out in advance consistent with fair market value in arm's length transactions and is not determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between the parties for which payment may be made in whole or in part under Medicare, Medicaid or other Federal health care programs;

(6) The services performed under the agreement do not involve the counseling or promotion of a business arrangement or other activity that violates any State or Federal Law;

(7) The aggregate services contracted for do not exceed those which are reasonably necessary to accomplish the commercially reasonable business purpose of the services.

An agent of a principal is any person, other than a bona fide employee of the principal, who has an agreement to perform services for or on behalf of the principal.

### COUNTS 28 AND 29

Counts 28 and 29 charge certain defendants with violating a separate provision of Title 42, United States Code, Section 1320a-7b, that makes it a Federal crime for anyone to solicit or receive anything of value – including a kickback or bribe – in return for referring an individual for the furnishing and/or arranging for the furnishing of any item and services that would be paid for, in whole or in part, by a Federal health care program. Defendant Alexander is charged in Count 28; and Defendant Roberts is charged in Count 29.

A Defendant can be found guilty of that offense only if all of the following facts were proved beyond a reasonable doubt:

(1)        that the Defendant knowingly and willfully solicited or received remuneration, including a kickback, directly or indirectly, overtly or covertly, in cash or in kind, as charged in the Indictment; and

(2)        that the Defendant solicited or received the remuneration or kickback in return for referring an individual to a person or entity for the furnishing of any service for which payment may be made in whole or in part under a federal health care program.

The term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

To satisfy the second element of this offense, the government does not have to prove that the Defendant's sole purpose in soliciting or receiving the remuneration or kickback was to obtain compensation for the referral of an individual for the furnishing of any service for which payment may be made in whole or in part under a Federal health care program. Rather, the government may satisfy the second element by proving that obtaining compensation for the referral was one of the Defendant's purposes in soliciting or receiving the remuneration or kickback.

Remuneration does not include payments made by a principal to an agent as compensation for the services of the agent as long as all of the following seven standards are met –

(1) the agency agreement is set out in writing and signed by the parties;

(2) the agency agreement covers all of the services the agent provides to the principal for the term of the agreement and specifies the services to be provided by the agent;

(3) if the agency agreement is intended to provide for the services of the agent on a periodic, sporadic or part-time basis, rather than on a full time basis for the term of the agreement, the agreement specifies exactly the schedule of such intervals, their precise length and the exact charge for such intervals;

(4) the term of the agreement is for not less than one year;

(5) the aggregate compensation paid to the agent over the term of the agreement is set out in advance consistent with fair market value in arm's length transactions and is not determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between the parties for which payment may be made in whole or in part under Medicare, Medicaid or other Federal health care programs;

(6) The services performed under the agreement do not involve the counseling or promotion of a business arrangement or other activity that violates any State or Federal Law;

(7) The aggregate services contracted for do not exceed those which are reasonably necessary to accomplish the commercially reasonable business purpose of the services.

An agent of a principal is any person, other than a bona fide employee of the principal, who has an agreement to perform services for or on behalf of the principal.

## COUNT 15

I am now going to return to Count 15.  Count 15 charges certain defendants with violating Title 18, United States Code, Section 371, which makes it a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.  Count 15 charges the Defendant with conspiring to commit the offense of offering and paying health care kickbacks and to commit the offense of soliciting and receiving health care kickbacks.  I have defined the law governing those crimes in the previous two instructions.

The law and instructions governing the conspiracy offense charged in Count 15 are largely the same as the law and instructions governing the conspiracy offense charged in Count 1.  As I will explain in this instruction, unlike the conspiracy offense charged in Count 1, the conspiracy offense charged in Count 15 requires proof of what is known as an "overt act."  In the course of this instruction, I will explain to you the meaning of the term "overt act."

As I have explained in connection with the instruction as to Count 1, a "conspiracy" is an agreement by two or more people to commit an unlawful act.  In other words, it is a kind of "partnership" for criminal purposes.  Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.  Nor does the Government have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

As I have explained in connection with the instruction as to Count 1, a person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In this case, regarding the alleged conspiracy charged in Count 15, the indictment charges that the Defendants conspired to violate the laws that make it Federal crimes to offer or pay remuneration in return for the referral of an individual for the furnishing of any service for which payment may be made under a Federal health care program <u>and</u> to solicit remuneration in return for the referral of an individual for the furnishing of any service for which payment may be made under a Federal health care program.

The Government does not have to prove that the Defendant willfully conspired to commit both crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree on which of the two crimes the Defendant conspired to commit.

### <u>COUNTS 31-37</u>

At this point, I am going to skip over Count 30 and move forward and instruct you on the law governing Counts 31 through 37. Once I complete the instructions for those counts, I then will return to the law governing Count 30.

Counts 31 through 37 charge certain defendants with violating Title 18, United States Code, Section 1957, which makes it a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

(1)      the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2)      the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3)      the property had a value of more than $10,000;

(4)      the property was in fact proceeds of health care fraud; and

(5)      the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a bank whose deposits are insured by the Federal Deposit Insurance Corporation.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing health care fraud.   But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

## DEFINITION OF MONEY LAUNDERING BY CONCEALMENT

Title 18, United States Code, Section 1956(a)(1)(B)(i), makes it a Federal crime for anyone to engage in another type of financial transaction also known as money laundering by concealment.   The Defendants are not charged in any separate counts with this type of money laundering.   However, since one of the objects of the conspiracy set forth in Count 30 is money laundering by concealment, I need to define that crime for you.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)       the Defendant knowingly conducted or tried to conduct financial transactions;

(2)       the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

(3)       money or property did come from an unlawful activity, specifically health care fraud; and

(4)       the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a transfer, delivery, or other disposition of money or property.

A "financial transaction" means –

a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

or

a transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." The phrase "monetary instruments" includes personal checks, bank checks or negotiable instruments in a form that allows ownership to transfer on delivery.

or

a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect, interstate or foreign commerce in any way or degree.

The phrase "financial institution" means a bank whose deposits are insured by the Federal Deposit Insurance Corporation.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means health care fraud.

### COUNT 30

I am now going to return to Count 30.  Count 30 charges defendants Antonio Macli, Jorge Macli, and Sandra Huarte with conspiring to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 1957.  I have defined the law governing those crimes in the previous two instructions.

The law and instructions governing the conspiracy offense charged in Count 30 are largely the same as the law and instructions governing the conspiracy offenses charged in Counts 1 and 15. Like the conspiracy offense charged in Count 1, but unlike the conspiracy offense charged in Count 15, the conspiracy offense charged in Count 30 does not require proof of an "overt act."

As I have explained in connection with the instructions as to Counts 1 and 15, a "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more people agreed to try to accomplish a common and unlawful plan to violate Title18, United States Code, Section 1956(a)(1)(B)(i) or Section 1957; and

(2)     the Defendant knew about the plan's unlawful purpose and willfully joined in it.

As I also have explained in connection with the instruction as to Counts 1 and 15, a person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In this case, regarding the alleged conspiracy charged in Count 30, the indictment charges that the Defendants conspired to violate Title 18, United States Code, Section 1956(a)(1)(B)(i) and to violate Title 18, United States Code, Section 1957.

The Government does not have to prove that the Defendant willfully conspired to commit both crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree on which of the two crimes the Defendant conspired to commit.

### AGENCY OR AIDING AND ABETTING

This instruction applies to all counts except Counts 1, 15, and 30, which are the conspiracy counts.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## ACTS OF CO-CONSPIRATORS

This instruction applies to the Defendants charged in Counts 2 through 8 and Counts 11 and 12.

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding the Defendants charged in Counts 2 through 8 and Counts 11 and 12, if you have first found any of those Defendants guilty of the crime of conspiracy to commit health care fraud charged in Count 1, you may also find that Defendant guilty of any of the crimes charged against that Defendant within Counts 2 through 8 and Counts 11 and 12 even though the Defendant did not personally participate in the crime.   To do so, you must find beyond a reasonable doubt:

(1)     during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)     the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3)     it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

## LIABILITY OF CORPORATION

Biscayne Milieu Health Center, Inc., is a corporation.  A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents – that is, its directors, officers, employees, and other persons authorized to act for it.

To find a corporate defendant guilty you must find beyond a reasonable doubt:

(1)        that each essential element of the crime charged against the corporation was committed by one or more of its agents;

(2)        that in committing those acts the agent or agents intended, at least in part, to benefit the corporation; and

(3)        that each act was within the scope of employment of the agent who committed it.

Benefit to the corporation need not be the sole or even primary goal of the officer, director, employee or agent.  Whether the corporation actually benefitted is irrelevant; the question is whether the agent intended, at least in part, that the corporation benefit from his or her actions.

For an act to be within the scope of an agent's employment it must relate directly to the performance of the agent's general duties for the corporation.  It is not necessary that the act itself have been authorized by the corporation.

## ADDITIONAL INSTRUCTIONS

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find

that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

**[EXPLAIN
VERDICT]**

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it,  date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.