UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20587-CR-SEITZ

UNITED STATES OF AMERICA,
 Plaintiff,

v.

CURTIS GATES,
 Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about February 11, 2013, court-appointed defense counsel Albert Levin ("Counsel") submitted a voucher application numbered FLS 10 4597 with appended time sheets requesting $14,769.40 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a brief letter dated February 11, 2013 (the "February 11, 2013 letter") in support of his voucher application. Counsel represented Defendant Curtis Gates ("Defendant") for thirteen months from his appointment on September 6, 2011 until October 25, 2012.

Counsel seeks $14,769.40 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 1233]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering
## the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced by Indictment **[DE # 2]** on August 25, 2011. On June 5, 2012, a grand jury returned a Superseding Indictment **[DE # 611]** charging Defendant and twenty co-defendants with numerous crimes including conspiracy to receive and pay health care kickbacks.

Defendant was specifically named in Counts XV and XXVII. In Count XV, Defendant was charged with conspiracy to receive and pay health care kickbacks in violation of 18 U.S.C. § 371. In Count XXVII, Defendant was charged with receipt of kickbacks in connection with a federal health care program in violation of 42 U.S.C. § 1320a-7b(b)(1)(A).

Defendant entered a plea of guilty to Count XV. **[See DE # 691]**. Defendant faced a maximum term of ten (10) years imprisonment for Count XV. Defendant was eventually sentenced to fifty-seven (57) months imprisonment followed by three (3) years of supervised release.

This case was rendered more complicated because Defendant was also charged in another related case, United States v. Mark Willner, Case No. 11-20100-CR-Seitz. Defendant was found guilty on one of tow counts in that case following a jury trial. The jury

was unable to reach a verdict as to a second count. The government negotiated a deal with Defendant that allowed Defendant to plead guilty to Count XV of the Superseding Indictment in this case in exchange for the government agreeing to dismiss the charge on which the jury was unable to reach an unanimous verdict in the other case. The government also agreed to consolidate this case with the other case for purposes of sentencing Defendant.

It is clear from the record that the legal and factual issues in this case were unusual. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 6.90 in-court hours totaling $862.50.

The CJA administrator also reviewed the 108.40 out-of-court hours sought by Counsel. Counsel sought compensation for 14.40 hours for "Interviews and conferences" and 55.90 hours for "Obtaining and reviewing records." Counsel also sought compensation for 21.20 hours for "Legal research and brief writing" and 14.80 hours for "Travel Time." Counsel sought compensation for 2.10 hours for "Investigative and Other Work." Lastly, Counsel sought $356.90 in "Travel Expenses."

### In-Court Hours

Counsel sought compensation for 6.90 in-court hours totaling $862.50. The CJA administrator made no changes to these figures. I approve $862.50 as reasonable.[1]

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 108.40 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of out-of-court hours claimed by Counsel. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries for clerical work that is not appropriately compensable under the Guidelines. Generally, clerical work is not compensable under the CJA.

The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The Supplemental Instructions provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Counsel included a number of entries that should be reduced because they include time spent by Counsel performing non-compensable clerical tasks.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Further, Counsel seeks compensation for 21.20 hours for "Legal Research and Brief Writing." Counsel did not file any substantive motions in this case. Rather, he filed eight (8) simple motions and notices. In reviewing each of the documents filed, I find that some of the time Counsel seeks to be compensated for drafting these simple motions and notices is excessive. Accordingly, I recommend that the time listed for the entries below be eliminated or reduced (non-compensable clerical duties are italicized):

| | | |
|---|---|---|
| 12/14/11 | Preparation of Notice of Change of Address | 0.3 hours [Eliminate][2] |
| 1/30/12 | Prepare and *File* Motion to Adopt | 0.4 hours [reduce to 0.2][3] |
| 2/22/12 | Prepare and *File* Motion for Investigate Cost | .50 hours [reduce to 0.2][4] |
| 9/14/12 | Prepare and *File* Motion to Travel | .70 hours [reduce to 0.2][5] |
| 10/15/12 | Prepare and *File* Motion for Extension of Time to Extend Surrender Date | 0.5 hours [reduce to 0.2][6] |

---

[2] The undersigned recommends that Counsel should not seek CJA funds for completing a simple of change of address - a purely clerical task.

[3] The undersigned recommends that Counsel should not seek such a large amount of time for drafting a simple document that is less than one page in length.

[4] Again, the undersigned recommends that Counsel should not seek such a large amount of time for drafting a simple document that is less than one page in length.

[5] This simple motion is only four (4) paragraphs long. Counsel should not seek compensation for 0.7 hours of attorney time for such a simple pleading.

[6] Similarly, this simple motion is also only four (4) paragraphs long. Further, this motion is nearly identical to the Motion to Travel **[DE # 943]** earlier filed by Counsel.

| | | |
|---|---|---|
| 10/18/12 | Prepare and *File* Motion for Reconsideration | .50 hours [reduce to 0.2][7] |
| 10/25/12 | Prepare and *File* Report | 0.5 hours [reduce to 0.3] |

Accordingly, I recommend that the above listed entries should be reduced by 2.1 hours, which amounts to a total reduction of $262.50. I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $13,287.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United*

---

[7] This simple document was only three paragraphs long and is, again, very similar to the Motion to Travel and Motion for Extension of Time to Extend Surrender Date **[DE # 1017]** previously filed by Counsel.

States v. Carnevale, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $13,287.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $356.90 in "Travel Expenses." The CJA administrator slightly reduced the amount of Travel Expenses documented in the voucher to $351.32. I conclude that the amount of $351.32 is reasonable.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." U.S. v. Smith, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my

review of the time sheets, the February 11, 2013 letter, the docket and filings in this case, I RECOMMEND that Counsel be paid $14,501.32 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this ____ day of May, 2013.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
    Albert Levin, Esq.
    Lucy Lara, CJA administrator